IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

JEROME HENDERSON,

    Petitioner,    :  Case No. 1:94-cv-106

 - vs -          District Judge Michael R. Barrett
               Magistrate Judge Michael R. Merz

TERRY COLLINS, Warden,
 Southern Ohio Correctional Facility,
              :
    Respondent.

# REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's *pro se* Motion to Have the Judgment Reopened [under] Federal Rules of Civil Procedure 60(B)(6) and for a requested Daubert Test (Motion. Doc. No. 207). Respondent opposes the Motion (Doc. No. 211) and Henderson has filed *pro se* a Reply in support (Doc. No. 212).

**Hybrid Representation Issue**

Henderson is represented by appointed counsel S. Adele Shank in this case. Because she would not file the Motion in the form Henderson desired, he proceeded to file it *pro se* without court permission. More than a year later, he moved to discharge Attorney Shank on the basis of her refusal to file the Motion in his desired form (Doc. No. 215). The Court has denied that Motion by separate order (Order of February 9, 2015, Doc. No. 220).

1

> In the federal courts, the right of self-representation has been protected by statute since the beginning of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that "in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of . . . counsel. The right is currently codified in 28 U.S.C. § 1654."

*Faretta v. California,* 422 U.S. 806, 812-13 (1975). There is no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). A party represented by counsel may not file papers *pro se*. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); *see also United States v. Mosely,* 810 F.2d 93, 97-98 (6th Cir. 1987); *United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006).

Instead of striking this *pro se* filing, the Court will proceed to decide it because Judge Spiegel, to whom the case was previously assigned, did not strike it on that basis and indeed required the Warden to respond. Petitioner is cautioned, however, that he may not file *pro se* so long as he is represented by counsel.

**Merits of the Motion**

In *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (Mar. 20, 2012), the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a

2

> prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319.  In *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system.  *Trevino* was decided May 28, 2013, two months after the Motion was filed.

The Sixth Circuit has not definitively determined whether *Martinez* and *Trevino* apply to the Ohio regime for deciding ineffective assistance of trial counsel claims.  At the end of December 2013, the Sixth Circuit considered the applicability of *Trevino* to Ohio cases in *McGuire v. Warden*, 738 F.3d 741 (6th 2013), but concluded it was not clear:

> Thus, Ohio law suggests two different ways to look at *Trevino*. On the one hand, certain claims can for practical purposes only be brought in an initial-review collateral attack in a post-conviction petition. And *Trevino* recognized that a "meaningful opportunity to present a claim of ineffective assistance of trial counsel" includes "the need to expand the trial court record." 133 S. Ct. at 1921. Ohio courts recognize that claims requiring evidence outside the record may only be meaningfully litigated in post-conviction proceedings and may loosen ordinary res judicata principles in such cases: "although ineffective assistance of counsel ordinarily should be raised on direct appeal, res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record[,] . . . even when the issue of ineffective assistance of counsel was raised on direct appeal." *State v. Richmond*, 2012-Ohio-2511, No. 97616, 2012 WL 2047991, at *1 (Ohio Ct. App. 2012) (citing *State v. Smith*, 17 Ohio St. 3d 98, 17 Ohio B. 219, 477 N.E.2d 1128, 1131

3

n.1 (Ohio 1985)). Thus, in Ohio, if ineffective assistance cases are divided into two categories, one could argue that the category requiring evidence outside the record must be brought on collateral review in order for review to be meaningful.

On the other hand, in the "ordinary" case, "ineffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal," *State v. Combs*, 100 Ohio App. 3d 90, 652 N.E.2d 205, 212 (Ohio Ct. App. 1994) (collecting cases), with a constitutionally required appellate attorney, *see Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006) (citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)); *see also State v. Davis*, 119 Ohio St. 3d 422, 2008 Ohio 4608, 894 N.E.2d 1221, 1226 (Ohio 2008); Ohio R. App. P. 26(B). Indeed, such a claim was raised on McGuire's direct appeal, and was treated thoughtfully by the Supreme Court of Ohio on discretionary review, albeit as part of an ineffective assistance of appellate counsel claim. Arguably, then, the review of trial counsel ineffectiveness claims in Ohio is more "meaningful" than in Texas, because in Ohio there is "ordinarily" the availability of direct review with constitutionally required counsel, with the back-up of collateral attack where evidence outside the record is required. All of this shows that the application of *Trevino* to Ohio ineffective-assistance claims is neither obvious nor inevitable.

*McGuire,* 738 F.3d at 751-52.

The Sixth Circuit has reviewed application of Fed. R. Civ. P. 60(b)(6) to capital cases in light of *Martinez* and *Trevino* and has written:

Federal Rule of Civil Procedure 60(b)(6) is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b) (which are inapplicable to Henness's present motion). *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013), cert. denied, 134 S. Ct. 998, 187 L. Ed. 2d 847 (2014). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances where principles of equity mandate relief. *Id*. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id*. (quoting *Thompson v. Bell,* 580 F.3d 423, 442 (6th Cir. 2009)). While this court reviews the denial

4

> of a Rule 60(b) motion for an abuse of discretion, the district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. *Tyler v. Anderson,* 749 F.3d 499, 509 (6th Cir. 2014).

*Henness v. Bagley,* 766 F.3d 550, 553-54 (6th Cir. 2014).

Assuming *Martinez* and *Trevino* apply to ineffective assistance of trial counsel claims raised in Ohio, Henderson has not shown he is entitled to relief under those cases. The Magistrate Judge applies here the four factor test for deciding 60(b)(6) motion relying on *Martinez* which it adopted in *Landrum v. Anderson*, 2012 U.S. Dist. LEXIS 118501 (S.D. Ohio Aug. 22, 2013), and which was used and then affirmed in *Henness, supra*.

First of all, Henderson has not shown that his claims of ineffective assistance of trial counsel were found to be procedurally defaulted as the result of any action or inaction of his post-conviction counsel. That is an absolute prerequisite to any possible relief under *Martinez* and *Trevino*, because all those cases do is to give a habeas petitioner a new basis to excuse a procedural default in presenting an ineffective assistance of trial counsel claim in post-conviction.

Instead of attempting to demonstrate how he lost a valuable ineffective assistance of trial counsel claim because of post-conviction ineffective assistance, Henderson begins his argument by reciting his underlying claim, to wit, that the forensic evidence submitted at his trial does not satisfy the test in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)(Motion, Doc. No. 207, PageID 157-64). But *Daubert* is not a constitutional decision. Rather, it is an interpretation of the Federal Rules of Evidence. The Supreme Court has never suggested that *Daubert* is obligatory on the States for evaluation of forensic evidence. Even if it were, *Daubert* was decided eight years after Henderson was tried. It cannot constitute ineffective assistance of trial counsel to fail to anticipate a United States Supreme Court decision which lies eight years in

5

the future. Therefore Henderson has not demonstrated that his underlying ineffective assistance of trial counsel claim is substantial.

Finally Henderson has not otherwise satisfied the requirements of Fed. R. Civ. P. 60(b)(6). A change in decisional law such as that wrought by *Martinez* and *Trevino* if not usually, by itself, an "extraordinary circumstance" warranting 60(b)(6) relief. *Henness v. Bagley,* 2013 U.S. Dist. LEXIS 110672, *28 (S.D. Ohio 2013), citing *Agostini v. Felton*, 521 U.S. 203, 239  (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001).  Henderson has also not shown his Motion was timely filed when it came to this Court thirteen months after *Martinez* was decided.

**Conclusion**

Based on the foregoing analysis, Henderson's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 9, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).