**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

JEROME HENDERSON,

                Petitioner,      :      Case No. 1:94-cv-106

    - vs -                                District Judge Michael R. Barrett
                                          Magistrate Judge Michael R. Merz

TERRY COLLINS, Warden,
 Southern Ohio Correctional Facility,
                                          :
                Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's *pro se* Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)(ECF No. 245). Although the Motion was not docketed until April 21, 2017, Henderson is entitled to a filing date of April 17, 2017, when he placed the Motion in the prison mail system.

Mr. Henderson seeks relief from the Court's Order of March 27, 2015 (ECF No. 231) adopting the Magistrate Judge's Report and Recommendations (ECF No. 221) recommending that Henderson's prior Motion for Relief from Judgment (ECF No. 207) be denied.

Henderson's claim under Rule 60 is that the judgment denying his prior Motion for Relief from Judgment "occurred because of the magistrate judges' [sic] irregularities or procedural defects in the procurement of the judgment denying relief." (ECF No. 245, PageID 857.) Therefore this Court has jurisdiction to decide the Motion, in contrast to a Rule 60(b) motion which seeks to plead a new claim in habeas, which would require prior permission from the court

1

of appeals to proceed. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

**Relevant Procedural History**

Henderson's prior Motion to Reopen was filed by him pro se on March 19, 2013 (ECF No. 207). The Motion was fully briefed by April 22, 2013 (ECF No. 212). In December 2013, Judge Spiegel granted Henderson's Motion to Correct his Rule 60 Motion (ECF Nos. 213, 214). However Judge Spiegel had not decided that Motion by the time of his death in December 2014 and the case had to be reassigned to another District Judge. Judge Spiegel did not involve any Magistrate Judges in his capital cases, but all the other District Judges in the Western Division of this Court have referred all of their capital habeas corpus cases to the undersigned since February 2011. That occasioned the reference from District Judge Barrett to the undersigned on January 22, 2015 (ECF No. 219).

When the case was transferred, there was also pending Petitioner's Motion to Discharge his appointed counsel, S. Adele Shank, and appoint new counsel (ECF No. 215). The Magistrate Judge denied that Motion on February 9, 2015, and explained the reasons for doing so (Decision and Order, ECF No. 220). Henderson objected (ECF No. 227) and Judge Barrett overruled the Objections (ECF No. 235). Prior to that Judge Barrett adopted the Report and Recommendations which recommended denial of his prior Motion for Relief from Judgment (ECF No. 231). On May 6, 2015, Henderson appealed from that order to the Sixth Circuit (ECF No. 239). The Sixth Circuit denied a certificate of appealability. *Henderson v. Robinson*, Case No. 15-3490 (6th Cir.

Jan. 8, 2016)(unreported; copy at ECF No. 242). The United States Supreme Court denied Henderson's request for a writ of certiorari. *Henderson v. Robinson*, 137 S. Ct. 145 (Oct. 3, 2016)(copy at ECF No. 244). Henderson then filed the instant Motion (ECF No. 245).

## Analysis

Henderson claims that he was not served a copy of the Report and Recommendations and not given "explicit notice of the preclusion rule." (ECF No. 245, PageID 862.) As the Magistrate Judge held in denying Henderson's Motion for service of a copy of the Report and Recommendations, Henderson was not entitled to have that document served on him personally because he is represented in the case by Attorney S. Adele Shank (Notation Order denying ECF No. 230). Several other motions filed by Henderson pro se were stricken on the same basis (See Notation Orders striking ECF Nos. 232, 233, 234).

Henderson argues at some length the scope of his right as a capital defendant to representation under 28 U.S.C. § 3599 (ECF No. 245, PageID 864-69). Then he argues the merits of his potential motion for new trial. *Id.* at PageID 869-71.

Henderson is not entitled to relief from judgment for the following reasons:

First of all, his claims seem to be based on an implicit assertion that his rights under § 3599 extend to forcing his attorney to file whatever motions he wants filed in his case or being replaced by a new attorney who will do his bidding. That is simply not the law. As the Magistrate Judge explained more fully earlier in the case, an attorney has an ethical obligation to

3

the Court not to file frivolous motions. Because Henderson's desire to replace Ms. Shank was based on her unwillingness to file an improper motion, the Magistrate Judge denied that request (ECF No. 220).

Second, Henderson's claim of "irregularities or procedural defects" in denying his prior Motion is based on his implicit assertion that a represented litigant has a right to be personally served with documents in a case even though the same document has been served on his attorney. That is also not the law. There is no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). Nor is there any rule-based right to such service. Fed. R. Civ. P. 5 provides that "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

Thus Henderson's Motion fails on the merits; he has not demonstrated any irregularity or procedural defect in the Court's denial of his prior Motion. His instant Motion also fails on procedural grounds. It is well established that Rule 60(b)(6) is not to be used as a substitute for appeal. *Polites v. United States*, 364 U.S. 426 (1960); *Ackermann v. United States*, 340 U.S. 193 (1950). The issues he raises now were available to him on his appeal from the denial of his prior Motion. Either[1] he failed to raise them and has thus forfeited them or he did raise them, they were denied, and the denial is now the law of the case.

Besides Henderson's forfeiture for not raising these claims on direct appeal, he has also filed his Motion in an untimely manner. Subsection (b)(6) is properly invoked only in "unusual

---

[1] Henderson's brief on appeal is not before this Court and the Sixth Circuit's brief denial of a certificate of appealability does not indicate what issues were raised.

and extreme situations where principles of equity mandate relief." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal quotation marks omitted). Motions seeking extraordinary relief under this subsection must be brought within a reasonable time after judgment. Fed. R. Civ. P. 60(c)(1); *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). Henderson has waited more than two years after judgment was entered to file his Motion which is plainly unreasonable.

Finally, although the Court has decided this Motion on the merits, Henderson is still not entitled to file pro se swo long as he is represented by counsel.

**Conclusion**

Mr. Henderson's instant Rule 60(b)(6) Motion is without merit and procedurally barred. It should be DENIED and the Court should certify to the Sixth Circuit that any appeal would not be taken in good faith.

April 24, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).