# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEROME HENDERSON,

        Petitioner,    :    Case No. 1:94-cv-106

  - vs -        District Judge Michael R. Barrett
        Magistrate Judge Michael R. Merz

TERRY COLLINS, Warden,
 Southern Ohio Correctional Facility,

                        :

        Respondent.

## DEFICIENCY ORDER; REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's *pro se* Notice of Appeal (ECF No. 256) and Motion for Certificate of Appealability (ECF No. 257).

Because the District Judge has adopted (ECF No. 255) the Magistrate Judge's Report (ECF No. 246) that recommended certifying to the Sixth Circuit that any appeal would be frivolous and not taken in good faith, Petitioner is not entitled to proceed on appeal *in forma pauperis* and is hereby ORDERED to pay the appellate filing fee of $505 not later than April 18, 2018.

Petitioner's Motion for Certificate of Appealability (ECF No. 257) was filed *pro se*. Petitioner is represented by counsel in this case and has been repeatedly advised by the Court that he is not entitled to hybrid representation. The Court could, therefore, strike the Motion. However, Rule 11 of the Rules Governing § 2254 Cases provides "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" and Sixth Circuit

precedent has read this requirement as applicable to final orders denying relief from judgment as well as initial judgments in habeas corpus cases. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). Therefore the Court is under a rule-based obligation to consider a certificate of appealability regardless of whether it is applied for.

A petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in § 2254 and § 2255 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Indeed, they are to be the initial decisionmakers on certificates of appealability. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997).

2

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

Henderson's Motion for Relief from Judgment, the denial of which he now seeks to appeal, sought relief April 17, 2017 from an Order entered March 27, 2015. The Court denied the Motion because it was premised on his belief that (1) he could compel appointed counsel to file whatever motions he wanted and (2) that he was entitled to be served personally with Court filings even though he is represented, neither of which beliefs has a grounding in law. Procedurally, the Court concluded that his claims were precluded by the law of the case (the Sixth Circuit's having denied appealability before) and that the Motion was un timely filed (Report, ECF No. 246, PageID 1140-41).

Henderson argues that it would be debatable among jurists of reason whether attorney S. Adele Shank should be replaced as counsel for Henderson because she refused to file a motion "to pursue the retroactive application of the New Rule of Constitutional Law enunciated in *Martinez v. Ryan*, 566 U.S. 1 (2012)." (Motion, ECF No. 257, PageID 1249). Henderson has not shown his position on this point would be debatable among reasonable jurists for a number of reasons. First of all, Martinez expressly declined to announce a new rule of constitutional law. Second, the Sixth Circuit has never held that *Martinez* is applicable in Ohio. *McGuire v. Warden*, 738 F.3d 741, 751-52 (6th Cir., 2013); *Henness v. Bagley*, 766 F.3d 550 (6th Cir. 2014). Henderson cites no case law contrary to the ruling made here or even raising the question whether it was

3

correct. He asserts that reasonable jurists agree with him on his interpretation of 18 U.S.C. § 3599, but the conclusion is completely conclusory – no such jurists are cited.

In part in arguing for a certificate of appealability, Henderson relies on errors allegedly made by the Magistrate Judge in rejecting his **prior** Motion for Relief from Judgment (ECF No. . See, e.g., ECF No. 257, PageID 1257, 1258, 1259. That Motion for Relief was already denied and an appeal taken from the denial (Denial ECF No. 231; Notice of Appeal ECF No. 239). The Sixth Circuit has already denied a certificate of appealability on that appeal. *Henderson v. Robinson*, Case No. 15-3490 (6th Cir. Han. 8, 2016)(unreported; copy at ECF No. 242). That decision establishes the law of the case for the proposition that none of the issues attempted to be raised in the prior Motion are debatable among jurists of reason. On that basis, the Magistrate Judge declines to consider those issues further. See *Dillimgham v. Jenkins,* Case No. 17-3813 (6th Cir. Nov. 8,2017)(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th Cir. 2017).

For the foregoing reasons, Petitioner's Motion for a Certificate of Appealability as to the Court's Order of February 27, 2018, (ECF No. 255) should be DENIED.

March 20, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).